

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR-1-02-157 |
| | : | |
| v. | : | **SUPERCEDING INDICTMENT** |
| | : | 18 U.S.C. § 2 |
| | : | 18 U.S.C. § 1957 |
| | : | 21 U.S.C. § 841(a)(1) |
| | : | 21 U.S.C. § 841(b)(1)(B)&(D) |
| STEVEN RENNICK, SR. (3) | : | 21 U.S.C. § 846 |
| MATTHEW ELLIOT (5) | : | |
| WAYNE BENJAMIN (7) | : | J. Dlott |

- - - - - - - - - - - - - - - - - -

The Grand Jury charges that:

### COUNT 1

Beginning from in or about January 2002, the exact date being unknown to the grand jury, and continuing up to and including October 16, 2002, in the Southern District of Ohio, and elsewhere, **STEVEN RENNICK, SR., MATTHEW ELLIOT,** and **WAYNE BENJAMIN**, the defendants herein, and others did knowingly, willfully, intentionally, and unlawfully combine, conspire, confederate, and agree, and have a tacit understanding with each other, to commit offenses against the United States, to wit: to knowingly, willfully, intentionally and unlawfully distribute and possess with intent to distribute a Schedule I controlled substance, namely in excess of one hundred (100) kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

59

It was a part of the conspiracy that members of the conspiracy would arrange to purchase marijuana from outside the Southern District of Ohio for sale to **STEVEN RENNICK, SR., MATTHEW ELLIOT, WAYNE BENJAMIN,** and others in the Southern District of Ohio.

It was further a part of the conspiracy that **STEVEN RENNICK, SR., WAYNE BENJAMIN,** and others would transport marijuana by motor vehicle from Arizona to the Southern District of Ohio.

It was further a part of the conspiracy that its members would store large quantities of marijuana and U.S. currency, the proceeds of marijuana sales, in their homes and other locations.

It was further a part of the conspiracy that **STEVEN RENNICK, SR.** and **WAYNE BENJAMIN** would cause large amounts of U.S. currency generated by marijuana sales to be deposited into two business accounts controlled by **STEVEN RENNICK, SR.;** S&S Racing LLC and Earth Management Trucking, Inc.

It was further a part of the conspiracy that checks would be drawn on these business accounts to purchase a Freightliner tractor and real estate in Indiana to be occupied by **MATTHEW ELLIOT.**

In furtherance of the conspiracy and in order to accomplish its objectives, the defendants committed, among others, the following;

2

**OVERT ACTS**

1. On or about June 24, 2002, Steven Rennick, Sr. caused $10,000.00 in cash to be deposited into the account of Earth Management Trucking, Inc.

2. On or about July 12, 2002, Steven Rennick, Sr. caused Wayne Benjamin to deposit $30,000.00 in cash into the account of S&S Racing LLC.

3. On or about July 15, 2002, Steven Rennick, Sr. caused $10,000.00 in cash to be deposited into the account of S&S Racing LLC.

4. On or about July 23, 2002, Steven Rennick, Sr. caused $10,000.00 in cash to be deposited into the account of Earth Management Trucking, Inc.

5. On or about July 23, 2002, Steven Rennick, Sr. purchased a Freightliner tractor in Arizona for $88,000.00 to be used for the transportation of marijuana.

6. On or about July 26, 2002, Steven Rennick, Sr. caused $17,000.00 in cash to be deposited into the account of S&S Racing LLC.

7. On or about July 26, 2002, Steven Rennick, Sr. caused Wayne Benjamin to deposit $14,000.00 in cash into the account of Earth Management Trucking, Inc.

8.  On or about July 30, 2002, Steven Rennick, Sr. caused $5,000.00 in cash to be deposited into the account of Earth Management Trucking, Inc.

9.  On or about July 30, 2002, Steven Rennick, Sr. caused $5,000.00 in cash to be deposited into the account of S&S Racing LLC.

10. On or about August 7, 2002, Steven Rennick, Sr. caused $10,000.00 in cash to be deposited into the account of Earth Management Trucking, Inc.

11. On or about August 20, 2002, Steven Rennick, Sr. caused $8,000.00 in cash to be deposited into the account of S&S Racing LLC.

12. On or about August 21, 2002, Steven Rennick, Sr. caused $5,000.00 in cash to be deposited into the account of Earth Management Trucking, Inc.

13. On or about September 20, 2002, Steven Rennick, Sr. caused $10,000.00 in cash to be deposited into the account of Earth Management Trucking, Inc.

14. On or about September 27, 2002, Steven Rennick, Sr. caused $10,000.00 in cash to be deposited into the account of Earth Management Trucking, Inc.

15. On or about October 2, 2002, Steven Rennick, Sr. caused $10,000.00 in cash to be deposited into the account of S&S Racing LLC.

16. On or about October 9, 2002, Steven Rennick, Sr. and Matthew Elliot caused a parcel of real estate to be purchased in Indiana, the down payment of approximately $49,000.00 being made with funds generated by the sale of marihuana.

17. On or about October 15, 2002, Steven Rennick, Sr. stored approximately 500 pounds of marijuana in a warehouse in Cincinnati, Ohio.

18. On or about October 15, 2002, Matthew Elliot obtained approximately 50 pounds of marijuana from the same warehouse in Cincinnati, Ohio.

19. On or about October 15, 2002, Matthew Elliot and a person known to the Grand Jury stored approximately 30 pounds of marijuana in a residence in Norwood, Ohio.

20. On or about October 16, 2002, a person known to the grand jury possessed approximately 25 pounds of marijuana in the trunk of an automobile in Cincinnati, Ohio.

All in violation of 21 U.S.C. § 846.

## COUNT 2

On or about July 12, 2002, in the Southern District of Ohio, defendants **STEVEN RENNICK, SR.** and **WAYNE BENJAMIN** did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, in that they caused a deposit of U.S. currency in the amount of $30,000.00, such property having been derived from a specified unlawful activity, that is a conspiracy to possess with intent to distribute and to distribute marijuana and the distribution of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846 & 841, to be made into account number 0373-506 in the name of S&S Racing, LLC at The Provident Bank.

All in violation of 18 U.S.C. §§ 1957 & 2.

## COUNT 3

On or about July 26, 2002, in the Southern District of Ohio, defendants **STEVEN RENNICK, SR.** and **WAYNE BENJAMIN** did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, in that they caused a deposit of U.S. currency in the amount of $14,000.00, such property having been derived from a specified unlawful activity, that is a conspiracy to possess with intent to distribute and to distribute marijuana and the distribution of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846 & 841, to be made into account number 059-794 in the name of Earth Management Trucking Inc. at The Provident Bank.

All in violation of 18 U.S.C. §§ 1957 & 2.

## COUNT 4

On or about July 26, 2002, in the Southern District of Ohio, defendant **STEVEN RENNICK, SR.** did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, in that he caused a deposit of U.S. currency in the amount of $17,000.00, such property having been derived from a specified unlawful activity, that is a conspiracy to possess with intent to distribute and to distribute marijuana and the distribution of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846 & 841, to be made into account number 0373-506 in the name of S&S Racing, LLC at The Provident Bank.

All in violation of 18 U.S.C. §§ 1957 & 2.

## COUNT 5

On or about October 9, 2002, in the Southern District of Ohio and Southern District of Indiana, defendants **STEVEN RENNICK, SR.** and **MATTHEW ELLIOT** did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, funds in the amount of $49,391.36 withdrawn by check #5017 dated October 9, 2002 drawn on account #0959-794 of Earth Management Trucking, Inc. at the Provident Bank made payable to Steve Rennick, Jr., in the amount of $49,391.36, and exchanged for Provident Bank check #194431181 dated October 9, 2002, made payable to Steve Rennick, Jr., in the amount of $49,391.36, and transferred by endorsement to Advanced Land Title Agency, LTD. Escrow Account as the downpayment for the purchase of real estate located at 5830 E. Laughery Creek Road, Aurora, Indiana, such property ($49,391.36) having been derived from a specified unlawful activity, that is, a conspiracy to distribute and to possess with intent to distribute a Schedule I controlled substance, marijuana, and the distribution of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

In violation of 18 U.S.C. §§ 1957 and 2.

## COUNT 6

On or about October 15, 2002, in the Southern District of Ohio, **STEVEN RENNICK, SR.**, the defendant herein, did knowingly, wilfully, intentionally, and unlawfully distribute approximately 50 pounds of marijuana, a Schedule I Controlled Substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2.

## COUNT 7

On or about October 15, 2002, in the Southern District of Ohio, **MATTHEW ELLIOT,** the defendant herein, did knowingly, wilfully, intentionally, and unlawfully possess with intent to distribute approximately 50 pounds of marijuana, a Schedule I Controlled Substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2.

## COUNT 8

On or about October 16, 2002, in the Southern District of Ohio, **STEVEN RENNICK, SR.**, the defendant herein, did knowingly, wilfully, intentionally, and unlawfully possess with intent to distribute approximately 450 pounds of marijuana, a Schedule I Controlled Substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.

## FORFEITURE
## (COUNT 1)

Pursuant to 21 U.S.C. § 853(a), as a result of the violation in Count 1, the defendants shall forfeit to the United States:

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### Substitute Assets

Pursuant to 21 U.S.C. § 853(p), if any of the property that is forfeitable to the United States under 21 U.S.C. § 853(a) for violation of Count 1,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any

11

other property of the defendants up to the value of any property described in paragraphs (1) through (5) immediately above.

A True Bill.

*Stacey T Morefield*
Grand Jury Foreperson

GREGORY G. LOCKHART
United States Attorney

RALPH W. KOHNEN
Deputy Criminal Chief

12