```
 1              UNITED STATES DISTRICT COURT

 2               SOUTHERN DISTRICT OF OHIO

 3                   WESTERN DIVISION
                        - - -
 4
     UNITED STATES OF AMERICA,    :   CRIMINAL ACTION 1:02cr157
 5                                :
              Plaintiff,          :   Cincinnati, Ohio
 6                                :   Wednesday, January 28, 2004
        -vs-                      :
 7                                :
     WAYNE BABJAMIN,              :   Sentencing Hearing
 8                                :
              Defendant.          :   10:30 a.m.
 9
                        - - -
10

11              TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE SUSAN J. DLOTT, JUDGE
12
                        - - -
13

14   For the Plaintiff:    Robert C. Brichler, Esq.
                           Asst. U.S. Attorney
15                         Atrium II, Suite 400
                           221 East Fourth Street
16                         Cincinnati, Ohio  45202

17   For the Defendant:    Gregory A. Cohen, Esq.
                           The Citadel
18                         114 East 8th Street
                           Cincinnati, Ohio  45202
19

20

21

22

23   Courtroom Deputy:  Vicki Penley
     Court Reporter:    Betty Schwab
24

25
```

|    |                                                                    |
|----|--------------------------------------------------------------------|
| 1  | PROCEEDINGS                                                        |
| 2  | THE COURT:  Mr. Cohen, good morning.  I                            |
| 3  | appreciate -- I understand from Mr. Gallagher that you were        |
| 4  | covering for Mr Haas, and I think that's very nice of you          |
| 5  | to have done that.                                                 |
| 6  | (Off the record.)                                                  |
| 7  | THE COURT:  Okay.  We are doing Mr. Elliot?                        |
| 8  | MR. BRICHLER:  Benjamin.                                           |
| 9  | THE COURT:  All right.  Will counsel please enter                  |
| 10 | their appearances for the record?                                  |
| 11 | MR. BRICHLER:  Robert Brichler for the United                      |
| 12 | States.                                                            |
| 13 | MR. COHEN:  Gregory Cohen on behalf of                             |
| 14 | Mr. Benjamin.                                                      |
| 15 | THE COURT:  And are you Wayne Benjamin?                            |
| 16 | THE DEFENDANT:  Yes, ma'am.                                        |
| 17 | THE COURT:  Are you represented in this                            |
| 18 | proceeding by Gregory Cohen, an attorney who is present            |
| 19 | here in court with you today?                                      |
| 20 | THE DEFENDANT:  Yes, ma'am.                                        |
| 21 | THE COURT:  On a former day, the defendant                         |
| 22 | pleaded guilty to possession with intent to distribute             |
| 23 | marijuana.  At that time, the matter was referred to the           |
| 24 | United States Probation Department for presentence                 |
| 25 | investigation and report.  The Court has received the              |

```
 1   presentence report prepared October 30, 2003.
 2              Let me ask counsel, Mr. Brichler, have you
 3   received a copy of the presentence report?
 4              MR. BRICHLER:  Yes, Your Honor.
 5              THE COURT:  And, Mr. Cohen, have you received a
 6   copy of the presentence report?
 7              MR. COHEN:  I have, Your Honor.
 8              THE COURT:  Mr. Benjamin, have you received a
 9   copy of the presentence report?
10              THE DEFENDANT:  Yes, Your Honor.
11              THE COURT:  Have you had an opportunity to
12   discuss it with Mr. Cohen?
13              THE DEFENDANT:  Yes.
14              THE COURT:  Then I would now like to address the
15   factual findings for sentencing.  The Court will accept the
16   presentence report as part of the sentencing facts in this
17   case and will proceed to address any additional sentencing
18   facts the parties wish to present.
19              Let me ask counsel, are any of the facts reported
20   in the presentence report disputed by the defendant or the
21   government, Mr. Brichler?
22              MR. BRICHLER:  No, Your Honor, no disputes.
23              THE COURT:  Mr. Cohen?
24              MR. COHEN:  Your Honor, based on the nature of
25   the plea, there will be no disputes.
```

```
 1        THE COURT:  Mr. Cohen, any additional sentencing
 2   facts you wish to present?
 3        MR. COHEN:  Judge, just to make the Court aware,
 4   obviously the Court has reviewed the presentence
 5   investigation report.  Mr. Benjamin was not given two
 6   points acceptance of responsibility because of the
 7   confusing nature of how this process took place, and the
 8   day of trial we entered into a plea on an information,
 9   established, as all sides acknowledge, a fictitious date as
10   we do in the law sometimes to facilitate a plea.  So my
11   client could not very well give information regarding a
12   date certain, which is what the plea indicated.
13        But, in any event, he understands that he was in
14   a position, close relationship with Mr. Rennick, exposed to
15   what was going on and certainly ready today to go forward
16   with the plea as originally agreed to, Judge.
17        I just wanted to make the Court aware it was not
18   certainly a sense of defiance on Mr. Benjamin's part.  His,
19   unlike some other individuals involved in a conspiracy,
20   contact with the system is fairly limited.
21        THE COURT:  I appreciate that, Mr. Cohen.
22        And, Mr. Benjamin, I want you to know that I
23   certainly never hold against anyone their right to exercise
24   their constitutional rights.  If you want to go to trial,
25   that's fine with the Court.  That's your right under the
```

Constitution, and I'm here to enforce it.

Mr. Brichler, anything you want to say in that regard?

MR. BRICHLER: No. No sentencing facts, Your Honor.

THE COURT: All right. Then there being no objections to the factual statements contained in the presentence report, the Court adopts those statements as its finding of fact. The defendant has entered a valid plea to count one of the superseding information. Accordingly, the defendant is adjudged guilty of case number 1:02cr157(7)SJD, which is distribution of marijuana.

Pursuant to 18 United States Code Section 3553, the Court makes the following findings of relevant fact significant to the imposition of sentence. The defendant is guilty of violating 21 United States Code Section 841(a)(1) and (b)(1)(D), which is a Class D felony and subjects the defendant to a maximum of five years imprisonment, a $250,000 fine, a period of supervised release of at least two years, and a $100 special assessment. However, the Sentencing Guidelines Manual controls the determination of sentence in this case.

Next, I'll deal briefly with the issue of objections. Because the final presentence report indicates there are no remaining objections to the presentence

```
 1   report, let me ask counsel:  Are there any objections to
 2   the presentence report that have not been previously
 3   raised?
 4           MR. BRICHLER:  No, Your Honor.
 5           MR. COHEN:  No Your Honor.
 6           THE COURT:  Then the Court notes there are no
 7   objections from either the defendant or the government as
 8   to the application of the Guidelines or the facts contained
 9   in the presentence report.
10           Let me go over with you then what the applicable
11   Guidelines are.  The defendant plead guilty to count one of
12   a superseding information charging him with distribution of
13   marijuana in violation of Title 21 United States Code
14   Section 841(a)(1) and (b)(1)(D).  In accordance with the
15   provision of 28 USC Section 3553, the Court places on the
16   record the following statement of reasons.
17           The guideline for the offense of distribution of
18   marijuana is found at Sentencing Guideline Section
19   2D1.1(c)(16).  According to that section, the defendant's
20   base offense level is 8.  As the defendant has not accepted
21   responsibility for his offense conduct, he is not eligible
22   for a reduction of his offense level pursuant to 3E1.1.
23   The total offense level is therefore 8.
24           The Court finds the defendant's criminal history
25   category places him in category I.  Based on a total
```

1  offense level of 8 and a criminal history category of I,
2  the Guideline imprisonment range is 0 to 6 months.  The
3  Guideline term for a period of supervised release is two to
4  three years.
5       Pursuant to the Sentencing Guidelines, the
6  sentence of probation is authorized because the applicable
7  Guideline range is in Zone A of the sentencing table.
8       The Guideline range for a fine is from $1,000 to
9  $10,000, and there is a $100 special assessment which is
10 mandatory.
11      Let me ask counsel:  Do you have any questions
12 about the statutory or Guideline provisions applicable to
13 the imposition of punishment in this case?
14      MR. COHEN:  Your Honor, it appears appropriate
15 based on the Guidelines.
16      MR. BRICHLER:  No, Your Honor.
17      THE COURT:  Then we will now proceed to the
18 sentencing.  And at this time the Court will entertain
19 anything the parties wish to say in mitigation or
20 aggravation of sentence.
21      Mr. Benjamin, or -- I'm sorry -- let me start
22 with Mr. Cohen.  I apologize, Mr. Cohen.
23      MR. COHEN:  Judge, Mr. Benjamin essentially ended
24 up in this situation out of a love for automobiles.
25 Mr. Rennick and his son were trying very hard to get into

1   the racing business.  Mr. Benjamin is a very skilled
2   bodyman in terms of trying to put these automobiles
3   together and actually wanting to get into racing, and that
4   kind of led him into the gray area which places him before
5   this Court today.
6           He currently resides with his grandmother.  The
7   family, by agreement, has placed him in the position of
8   responsibility for his grandmother.  He is the caregiver
9   and receives a check for $1,000 a month, which covers his
10  outside expenses.  And then he does have full-time
11  obligations there.
12          He would, at some point, like to get back into
13  the field of auto racing, because I think that is his one
14  true passion.
15          His record prior to this is fairly old.  When he
16  was very young, he got into some trouble but managed to
17  stay out of the purview of the criminal justice system
18  since then.
19          I have met with him on a number of occasions.  I
20  know this is a very difficult situation for him, as most
21  appearances in federal court are when you stand at this
22  position.  But he struggles, not just with this case, but
23  with the constant chronic back problems resulting from
24  injury which, you could say, reduced his quality of life,
25  and he needs to find a way to deal with that, cope with

1  that, and get on with his life.
2              I ask the Court to adopt the recommendations of
3  the United States Probation Department and impose minimum
4  sanctions in this instance and allow him to perform and
5  commit whatever responsibilities go along with this Court's
6  order and show that he has redeeming qualities.  He is in a
7  position where he can return to a normal life without
8  having to come back before this Court for sanctions.
9              THE COURT:  Thank you, Mr. Cohen.
10             Mr. Benjamin, anything you wish to say, sir?
11             THE DEFENDANT:  Not really, ma'am.
12             THE COURT:  Mr. Brichler, anything you wish to
13 say?
14             MR. BRICHLER:  No, Your Honor.
15             THE COURT:  All right.  Then it's the duty of the
16 Court to sentence the defendant at this time.  However,
17 counsel will have a final chance to make legal objections
18 before the sentence is actually imposed.
19             Pursuant to the Sentencing Reform Act of 1984,
20 it's the judgment of the Court that the defendant be placed
21 on probation for a period of three years.  As a condition
22 of probation, the defendant shall pay any unpaid monetary
23 penalties.  The defendant shall not commit another federal,
24 state or local crime and is prohibited from possessing a
25 firearm or other dangerous device.

1  　　　　The defendant shall not possess any illegal
2  controlled substances.  In addition, the defendant shall
3  comply with the standard conditions of probation as adopted
4  by the Court for the Southern District of Ohio.
5  　　　　As a special condition of probation, the
6  defendant is ordered to refrain from any unlawful use of a
7  controlled substance and to submit to one drug test within
8  15 days of release and at least two periodic drug tests
9  thereafter.  The Court orders a fine in the amount of
10 $1,000 be imposed.  The fine is due immediately.  No
11 interest shall accrue on any unpaid balance.
12 　　　　The defendant shall not obtain prescription
13 medication without the approval of a licensed physician
14 with whom he has had personal contact and by whom he has
15 been physically examined.
16 　　　　A special assessment of $100 is owed and due
17 immediately.
18 　　　　Mr. Cohen, do you have any objections as to why
19 the sentence should not be imposed as stated?
20 　　　　MR. COHEN:  Judge, only the fact of my client's
21 financial status.  I don't believe he can pay a $1,000 fine
22 immediately.
23 　　　　THE COURT:  And he doesn't have to pay it
24 immediately.  He can work out a payment plan with the
25 probation department.  I know that language, as we say it,

```
 1   is sort of misleading.  It would be during the term of
 2   probation.
 3            MR. COHEN:  Judge, I don't know if the Court has
 4   any authority to reduce that fine, just again based on his
 5   financial status.  He has requested that I petition the
 6   Court.
 7            It seems, I know, it's a fairly low fine from
 8   where I stand, but he's in a much different financial
 9   position.
10            THE COURT:  In order for the Court to reduce the
11   fine -- because what I have done is given him the lowest
12   fine under the Sentencing Guidelines.
13            MR. COHEN:  I understand that.
14            THE COURT:  In order to reduce that, the Court
15   would have to make a finding that Mr. Benjamin was not
16   capable of paying a fine within that range.  And from all
17   that I read regarding his employment abilities and
18   everything, I simply can't make that finding.
19            MR. COHEN:  I understand, Judge.  I'll explain it
20   to him.
21            THE COURT:  Mr. Brichler, do you have any
22   objections as to why the sentence should not be imposed as
23   stated?
24            MR. BRICHLER:  No, Your Honor.
25            THE COURT:  All right.  Then the sentence is thus
```

```
 1   imposed as stated.
 2           Let me tell you about your rights on appeal.
 3   Both parties are notified by this Court that you have a
 4   right to appeal this sentence.  If you're indigent and
 5   cannot afford to retain a lawyer, one will be appointed to
 6   represent you on your appeal.
 7           You're further advised that, in accordance with
 8   the provisions of Rule 4(b) of the Rules of Appellate
 9   Procedure, you must file your notice of appeal with the
10   clerk of the United States District Court within ten days
11   of the filing of this judgment.
12           The Court does hereby advise you, if you so
13   request, the clerk of the court will prepare and file
14   immediately a notice of appeal on your behalf.
15           It is further ordered that the defendant shall
16   notify the United States Attorney for the Southern District
17   of Ohio within 30 days of any change in resident or mailing
18   address until any fines and special assessments imposed by
19   this judgment are fully paid.
20           If you request, Mr. Benjamin, I will order the
21   clerk of courts to file your notice of appeal immediately
22   after the judgment is filed.
23           And if not, Mr. Cohen, will you protect the
24   rights of the defendant?
25           MR. COHEN:  Judge, I will protect his rights.
```

1   THE COURT: All right. Is there anything further
2 to come before the Court at this time?
3   MR. COHEN: Nothing from the defense, Your Honor.
4   MR. BRICHLER: No, Your Honor.
5   THE COURT: Okay. Good luck to you,
6 Mr. Benjamin. I hope to never see you back in here for
7 this reason again.
8   PROCEEDINGS CONCLUDED
9
10   C E R T I F I C A T E
11   I, Betty J. Schwab, the undersigned, do
12 hereby certify that the foregoing is a correct
13 transcript from the record of the proceedings in
14 the above-entitled matter.
15
16   *Betty J. Schwab*
    BETTY J. SCHWAB, RPR
17   Official Reporter